IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
03/09/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

SEAN ALEXANDER HARRIS,      )
          )
        Petitioner,      )
          )
    v.          )     Case No. 26-3044-JWL
          )
Warden, FCI-Leavenworth,      )
          )
        Respondent.      )
          )
_____ )

## MEMORANDUM AND ORDER

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges the alleged refusal of the federal Bureau of Prisons (BOP) to review his case for transfer to prerelease custody. For the reasons set forth below, the Court **dismisses** the petition for failure to exhaust administrative remedies.

Petitioner, who is imprisoned within this judicial district, claims that the BOP has wrongfully refused to conduct a multi-factor review and transfer him to prerelease custody pursuant to 18 U.S.C. § 3624(c). Petitioner has not shown that he meets the statutory requirements for such a transfer, including that he is within the final 12 months of his term. *See id.* § 3624(c)(1).[1]

---

[1] Petitioner has not included any information concerning his release date or even his sentence length. Evidence submitted in a previous habeas case filed by petitioner reveals that petitioner is presently serving a 144-month sentence imposed in 2021; and that as of September 2025, he had a projected release date of February 6, 2029, and a home detention eligibility date of August 6, 2028.

The Court need not consider the merits of petitioner's claim, however, as it concludes that the petition should be dismissed based on petitioner's failure to satisfy his exhaustion requirement. Petitioner was required to exhaust administrative remedies before seeking relief from this Court. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ."). Petitioner concedes in his petition that he has not exhausted his administrative remedies. Petitioner argues, however, that exhaustion would be futile. It is true that "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *See id.* Petitioner has not shown such futility, however. *See Garner v. United States*, 2021 WL 3856618, at *2 (D. Kan. Aug. 30, 2021) (Lungstrum, J.) (futility exception applies only in extraordinary circumstances, and petitioner bears the burden to demonstrate futility of administrative review).

First, petitioner argues that the BOP has a uniform policy of ignoring its statutory mandate and granting only six months of prerelease custody without consideration of individual circumstances. Petitioner does not support that argument with any citation to caselaw. In fact, this Court has followed the Tenth Circuit in rejecting such claims of a uniform BOP policy regarding transfer to prerelease custody. *See, e.g.*, *id.* at *3 (citing, *inter alia*, *Garza*, 596 F.3d at 1204); *Roe v. Warden, FCI-Leavenworth*, 2025 WL 3652934, at *1 (D. Kan. Dec. 17, 2025) (Lungstrum, J.) (rejecting a similar argument). Petitioner does cite and submit a prison bulletin concerning the review for placement in prerelease custody under Section 3624(c). That bulletin, however, does not include any statement that the BOP will grant only six months of prerelease custody regardless of the individual

review, as alleged by petitioner; rather, it states that the statutory factors will be considered, while noting the statutory maximums of 12 months for prerelease custody and six months for home confinement. Accordingly, the Court rejects this argument for futility of exhaustion.

Petitioner also claims that exhaustion would be futile because local officials have indicated that administrative grievances are routinely discarded and not considered. As this Court has concluded, however, the fact that local prison officials may not be receptive to a grievance does not mean that completion of the exhaustion process would necessarily be futile, as the process involves appeals beyond the petitioner's facility, to regional and national levels within the BOP. *See Villaurrutia v. Warden, FCI-Leavenworth*, 2025 WL 3101014, at *1 (D. Kan. Nov. 6, 2025) (Lungstrum, J.). Petitioner has not shown that exhaustion would be futile because a grievance would not be considered on its merits.

Finally, petitioner argues that exhaustion would cause too much delay in obtaining the relief that he seeks. Again, however, petitioner has not shown that he will be eligible for prerelease custody under the statute for quite some time. Moreover, this Court has consistently held that the futility exception is not satisfied merely because exhaustion could not be completed by the release date that would apply if a petitioner received relief, *see Randolph v. Hudson*, 2022 WL 1909051, at *1-3 (D. Kan. June 3, 2022) (Lungstrum, J.), or because the petitioner may lose time in a residential reentry center, *see Garner v. United States*, 2021 WL 3856618, at *3 (D. Kan. Aug. 30, 2021) (Lungstrum, J.).

Thus, petitioner has not provided a basis for excusing his failure to exhaust in this case, and the Court therefore dismisses the petition on that basis.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **dismissed**.

IT IS SO ORDERED.

Dated this 9th day of March, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

4